

# UNITED FIRE GROUP

**United Fire & Casualty Company**
CEDAR RAPIDS, IA

**United Fire & Indemnity Company**
WEBSTER, TX

**Financial Pacific Insurance Company**
ROCKLIN, CA

## AGREEMENT OF INDEMNITY

We, the undersigned, hereinafter referred to as Indemnitors, hereby request UNITED FIRE & CASUALTY COMPANY a corporation duly incorporated under the laws of the State of Iowa and/or UNITED FIRE & INDEMNITY COMPANY a corporation duly incorporated under the laws of the State of Texas and/or FINANCIAL PACIFIC INSURANCE COMPANY, a corporation duly incorporated under the laws of the State of California, hereinafter referred to as Surety, to furnish instruments of suretyship, hereinafter referred to as Bonds, and as an inducement therefore we make the following representations of fact, promises and agreements.

**WITNESSETH:** WHEREAS, the Contractor, in the performance of contracts and the fulfillment of obligations generally, whether in its own name solely or as co-adventurer with others, may desire, or be required to give or procure certain bonds, or continue or substitute the same from time to time; or new bonds, with the same or different penalties, and/or conditions, may be desired or required, in renewal, continuation, extension or substitution thereof; or the contractor or indemnitors may request the Surety to refrain from canceling said bonds; and WHEREAS, at the request of the Contractor and the Indemnitors and upon the express understanding that this Agreement of Indemnity should be given, the Surety has executed and may from time to time hereafter execute said Bonds on behalf of the Contractor; and WHEREAS, the Indemnitors have a substantial, material and beneficial interest in the obtaining of the Bonds or in the Surety's refraining from canceling said Bonds. NOW, THEREFORE, in consideration of the premises the Contractor and Indemnitors for themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, hereby covenant and agree with the Surety, its successors and assigns, as follows:

**PREMIUMS FIRST:** The Contractor and Indemnitors will pay to the Surety all premiums and charges of the Surety for the Bonds until the Contractor or Indemnitors shall serve evidence satisfactory to the Surety of its discharge or release from the Bonds and all liability by reason thereof.

**INDEMNITY SECOND:** The Contractor and Indemnitors shall exonerate, indemnify, and keep indemnified the Surety from and against any and all liability for losses and/or expenses of whatsoever kind or nature (including, but not limited to, interest, court costs and counsel fees) and from and against any and all such losses and/or expenses which the Surety may sustain and incur: (1) By reason of having executed the Bonds, (2) By reason of the failure of the Contractor or Indemnitors to perform or comply with the covenants and conditions of this Agreement or (3) In enforcing any of the covenants and conditions of this Agreement. Payment by reason of the aforesaid causes shall be made to the Surety by the Contractor and Indemnitors as soon as liability exists or is asserted against the Surety, whether or not the Surety shall have made any payment therefore. Such payment shall be equal to the amount of the reserve set by the Surety. In the event of any payment by the Surety the Contractor and Indemnitors further agree that in any accounting between the Surety and the Contractor, or between the Surety and the Indemnitors, or either or both of them, the Surety shall be entitled to charge for any and all disbursements made by it in good faith in and about the matters herein contemplated by this Agreement under the belief that it is or was liable for the sums and amounts so disbursed, or that it was necessary or expedient to make such disbursements, whether or not such liability, necessity or expediency existed; and that the vouchers or other evidence of any such payments made by the Surety shall be prima facie evidence of the fact and amount of the liability to the Surety.

**ASSIGNMENT THIRD:** The Contractor, the Indemnitors hereby consenting, will assign, transfer and set over, and does hereby assign, transfer and set over to the Surety, as collateral, to secure the obligations in any and all of the paragraphs of this Agreement and any other indebtedness and liabilities of the Contractor to the Surety, whether heretofore or hereafter incurred, the assignment in the case of each contract to become effective as of the date of the bond covering such contract, but only in the event of (1) any abandonment, forfeiture or breach of any contracts referred to in the Bonds or of any breach of any said Bonds; or (2) of any breach of the provisions of any of the paragraphs of this Agreement; or (3) of a default in discharging such other indebtedness or liabilities when due; or (4) of any assignment by the Contractor for the benefit of creditors, or of the appointment, or of any application for the appointment, of a receiver or trustee for the Contractor whether insolvent or not; or (5) of any proceeding which deprives the Contractor of the use of any of the machinery, equipment, plant, tools or material referred to in section (b) of this paragraph; or (6) of the Contractor's dying, absconding, disappearing, incompetency, being convicted of a felony, or imprisoned if the Contractor be an individual: (a) All the rights of the Contractor in, and growing in any manner out of, all contracts referred to in the Bonds, or in, or growing in any manner out of the Bonds; (b) All the rights, title and interest of the Contractor in and to all machinery, equipment, plant, tools and materials which are now, or may hereafter be, about or upon the site or sites of any and all of the contractual work referred to in the Bonds or elsewhere, including materials purchased for or chargeable to any and all contracts referred to in the bonds, materials which may be in process of construction, in storage elsewhere, or in transportation to any and all of said sites; (c) All the rights, title and interest of the Contractor in and to all subcontracts let or to be let in connection with any and all contracts referred to in the Bonds, and in and to all surety bonds supporting such subcontracts; (d) All actions, causes of actions, claims and demands whatsoever which the Contractor may have or acquire against any subcontractor, laborer or materialman, or any person furnishing or agreeing to furnish or supply labor, material, supplies, machinery, tools or other equipment in connection with or on account of any and all contracts referred to in the Bonds; and against any surety or sureties of any subcontractor, laborer, or materialman; (e) Any and all percentages retained and any and all sums that may be due or hereafter become due on account of any and all contracts referred to in the Bonds and all other contracts whether bonded or not in which the Contractor has an interest.

**EXHIBIT A**

Bond 0008 0815

Page 1 of 6

**TRUST FUND** FOURTH: If any of the Bonds are executed in connection with a contract which by its terms or by law prohibits the assignment of the contract price, or any part thereof, the Contractor and Indemnitors covenant and agree that all payments received for or on account of said contract shall be held as a trust fund in which the Surety has an interest, for the payment of obligations incurred in the performance of the contract and for labor, materials, and services furnished in the prosecution of the work provided in said contract or any authorized extension of modification thereof; and, further, it is expressly understood and declared that all monies due and to become due under any contract or contracts covered by the Bonds are trust funds, whether in the possession of the Contractor or Indemnitors or otherwise, for the benefit of and for payment of all such obligations in connection with any such contract or contracts for which the Surety would be liable under any of said Bonds, which said trust also inures to the benefit of the Surety for any liability or loss it may have or sustain under any said Bonds, and this Agreement and declaration shall also constitute notice of such trust.

**UNIFORM COMMERCIAL CODE** FIFTH: That this Agreement shall constitute a Security Agreement to the Surety and also a Financing Statement, both in accordance with the provisions of the Uniform Commercial Code of every jurisdiction wherein such Code is in effect and may be so used by the Surety without in any way abrogating, restricting or limiting the rights of the Surety under this Agreement or under law, or in equity.

**TAKEOVER** SIXTH: In the event of any breach, delay or default asserted by the obligee in any said Bonds, or the Contractor has suspended or ceased work on any contract or contracts covered by any said Bonds, or failed to pay obligations incurred in connection therewith, or in the event of the death, disappearance, conviction for a felony, imprisonment, incompetency, insolvency, or bankruptcy of the Contractor, or the appointment of a receiver or trustee for the Contractor, or if any action is taken by or against the Contractor under or by virtue of the Bankruptcy Code, or should reorganization or arrangement proceedings be filed by or against the Contractor under said Code, or if any action is taken by or against the Contractor under the insolvency laws of any state, possession, or territory of the United States the Surety shall have the right, at its option and in its sole discretion and is hereby authorized, with or without exercising any other right or option conferred upon it by law or in the terms of this Agreement, to take possession of any part or all of the work under any contract or contracts covered by any said Bonds, and at the expense of the Contractor and Indemnitors to complete or arrange for the completion of the same, and the Contractor and Indemnitors shall promptly, upon demand pay to the Surety all losses, and expenses so incurred.

**CHANGES** SEVENTH: The Surety is authorized and empowered, without notice to or knowledge of the Indemnitors to assent to any change whatsoever in the Bonds, and/or any contracts referred to in the Bonds, and/or in the general conditions, plans and/or specifications accompanying said contracts, including, but not limited to, any change in the time for the completion of said contracts and to payments or advances thereunder before the same may be due, and to assent to or take any assignment or assignments, to execute or consent to the execution of any continuations, extensions or renewals of the Bonds and to execute any substitute or substitutes therefore, with the same or different conditions, provisions and obligees and with the same or larger or smaller penalties, it being expressly understood and agreed that the Indemnitors shall remain bound under the terms of this Agreement even though any such assent by the Surety does or might substantially increase the liability of said Indemnitors.

**ADVANCES** EIGHTH: The Surety is authorized and empowered to guarantee loans, to advance or lend to the Contractor any money, which the Surety may see fit, for the purpose of any contracts referred to in, or guaranteed by the Bonds; and all money expended in the completion of any such contracts by the Surety, or lent or advanced from time to time to the Contractor, or guaranteed by the Surety for the purposes of any such contracts, and all costs, and expenses incurred by the Surety in relation thereto, unless repaid with legal interest by the Contractor to the Surety when due, shall be presumed to be a loss by the Surety for which the Contractor and the Indemnitors shall be responsible, notwithstanding that said money or any part thereof should not be so used by the Contractor.

**BOOKS AND RECORDS** NINTH: At any time, and until such time as the liability of the Surety under any and all said Bonds is terminated, the Surety shall have the right to reasonable access to the books, records, and accounts of the Contractor and Indemnitors; and any bank depository, materialman, supply house, or other person, firm, or corporation when requested by the Surety is hereby authorized to furnish the Surety any information requested including, but not limited to, the status of the work under contracts being performed by the Contractor, the condition of the performance of such contracts and payments of accounts.

**DECLINE EXECUTION** TENTH: Unless otherwise specifically agreed in writing, the Surety may decline to execute any Bond and the Contractor and Indemnitors agree to make no claim to the contrary in consideration of the Surety's receiving this Agreement; and if the Surety shall execute a Bid or Proposal Bond, it shall have the right to decline to execute any and all of the bonds that may be required in connection with any award that may be made under the proposal for which the Bid or Proposal Bond is given and such declination shall not diminish or alter the liability that may arise by reason of having executed the Bid or Proposal Bond.

**NOTICE OF EXECUTION** ELEVENTH: The Indemnitors hereby waive notice of the execution of said Bonds and of the acceptance of this Agreement, and the Contractor and the Indemnitors hereby waive all notice of any default, or any other act or acts giving rise to any claim under said Bonds, as well as notice of any and all liability of the Surety under said Bonds, and any and all liability on their part hereunder, to the end and effect that, the Contractor and the Indemnitors shall be and continue liable hereunder, notwithstanding any notice of any kind to which they might have been or be entitled, and notwithstanding any defenses they might have been entitled to make.

**HOMESTEAD** TWELFTH: The Contractor and the Indemnitors hereby waive, so far as their respective obligations under this Agreement are concerned, all rights to claim any of their property, including their respective homesteads, as exempt from levy, execution, sale or other legal process under the laws of any State, Territory, or Possession.

**SETTLEMENTS** THIRTEENTH: The Surety shall have the right to adjust, settle or compromise any claim, demand, suit or judgement upon the Bonds, unless the Contractor and the Indemnitors shall request the Surety to litigate such claim or demand, or to defend such suit, or to appeal from such judgement, and shall deposit with the Surety, at the time of such request, cash or collateral satisfactory to the Surety in kind and amount, to be used in paying any judgement or judgements rendered or that may be rendered, with interest, costs, expenses and attorneys' fees, including those of the Surety.

Bond 0008 0815

**SURETIES** FOURTEENTH: In the event the Surety procures the execution of the Bonds by other sureties, or executes the Bonds with co-sureties, or reinsures any portion of said Bonds with reinsuring sureties, then all the terms and conditions of this Agreement shall inure to the benefit of such other sureties, co-sureties and reinsuring sureties, as their interests may appear.

**SUIT** FIFTEENTH: Separate suits may be brought hereunder as causes of action accrue, and the bringing of suit or the recovery of judgement upon any cause of action shall not prejudice or bar the bringing of other suits upon other causes of action, whether theretofore or thereafter arising.

**OTHER INDEMNITY** SIXTEENTH: That the Contractor and the Indemnitors shall continue to remain bound under the terms of this Agreement even though the Surety may have from time to time heretofore or hereafter, with or without notice to or knowledge of the Contractor and the Indemnitors, accepted or released other agreements of indemnity or collateral in connection with the execution or procurement of said Bonds, from the Contractor or Indemnitors or others, it being expressly understood and agreed by the Contractor and the Indemnitors that any and all other rights which the Surety may have or acquire against the Contractor and the Indemnitors and/or others under any such other or additional agreements of indemnity or collateral shall be in addition to, and not in lieu of, the rights afforded the Surety under this Agreement.

**INVALIDITY** SEVENTEENTH: In case any of the parties mentioned in this Agreement fail to execute the same, or in case the execution hereof by any of the parties be defective or invalid for any reason, such failure, defect or invalidity shall not in any manner affect the validity of this Agreement or the liability hereunder of any of the parties executing the same, but each and every party so executing shall be and remain fully bound and liable hereunder to the same extent as if such failure, defect or invalidity had not existed. It is understood and agreed by the Contractor and Indemnitors that the rights, powers, and remedies given the Surety under this Agreement shall be and are in addition to, and not in lieu of, any and all other rights, powers, and remedies which the Surety may have or acquire against the Contractor and Indemnitors or others whether by the terms of any other agreement or by operation of law or otherwise.

**INDEMNITY WAIVER** EIGHTEENTH: The Indemnitors waive any defense that this instrument was executed subsequent to the date of any such bond, admitting and covenanting that such bond was executed pursuant to the Indemnitors' request and in reliance on the Indemnitors' promise to execute this instrument.

**ATTORNEY IN FACT** NINETEENTH: The Contractor and Indemnitors hereby irrevocably nominate, constitute, appoint and designate the Surety as their attorney-in-fact with the right, but not the obligation, to exercise all of the rights of the Contractor and Indemnitors assigned, transferred and set over to the Surety in the Agreement, and in the name of the Contractor and Indemnitors to make, execute, and deliver any and all additional or other assignments, documents or papers deemed necessary and proper by the Surety in order to give fill effect not only to the intent and meaning of the within assignments, but also to the full protection intended to be herein given to the Surety under all other provisions of this Agreement. The Contractor and Indemnitors hereby ratify and confirm all acts and actions taken and done by the Surety as such attorney-in-fact.

**TERMINATION** TWENTIETH: This Agreement may be terminated by the Contractor or Indemnitors upon twenty days written notice sent by registered mail to the Surety at its home office at Cedar Rapids, Iowa, but any such notice of termination shall not operate to modify, bar, or discharge the Contractor or the Indemnitors as to the Bonds that may have been theretofore executed.

TWENTY-FIRST: This Agreement may not be changed or modified orally. No change or modification shall be effective unless made by written endorsement executed to form a part hereof.

IN WITNESS WHEREOF, we have hereunto set our hands and seals this   21st   day of   August   , 2015   :

ATTEST OR WITNESS:

MSK Construction, Inc.
(FULL NAME OF CONTRACTOR)
Charleston, SC
(CITY & STATE OF CONTRACTOR)        (SEAL)
By: _____

Michael Williams, President
(FULL NAME & TITLE OF INDEMNITOR)
By: _____

Michael Williams
(FULL NAME OF INDEMNITOR)
By: _____

Susan Williams
(FULL NAME OF INDEMNITOR)
By: _____

Paul G. Marshall Jr.
(FULL NAME OF INDEMNITOR)

JAMES D. WARING
NOTARY PUBLIC OF SOUTH CAROLINA
MY COMMISSION EXPIRES NOVEMBER 26, 2018

TERA BURNETT
NOTARY PUBLIC
COM. EXP. 01/01/2023
SOUTH CAROLINA

Bond 0008 0815        9/4/2015

_[signature: Tera Burnett]_

By: _[signature: Virginia Marshall]_ _____ ,an Individual
Virginia Marshall
(FULL NAME OF INDEMNITOR)

By: _____

_____ ,an Individual
(FULL NAME OF INDEMNITOR)

By: _____

_____ ,an Individual
(FULL NAME OF INDEMNITOR)

By: _____

_____ ,an Individual
(FULL NAME OF INDEMNITOR)

By: _____

_____ ,an Individual
(FULL NAME OF INDEMNITOR)

By: _____

_____ ,an Individual
(FULL NAME OF INDEMNITOR)

_____
(FULL NAME OF CONTRACTOR)

_____
(CITY & STATE OF CONTRACTOR)

By: _____

_____
(FULL NAME & TITLE OF INDEMNITOR)

_____
(FULL NAME OF CONTRACTOR)

_____
(CITY & STATE OF CONTRACTOR)

By: _____

_____
(FULL NAME & TITLE OF INDEMNITOR)

Marshall Living Trust dated November 23, 1987
(FULL NAME OF INDEMNITOR)

_____
(CITY & STATE OF INDEMNITOR)

By: _[signature: Paul]_____
Paul G. Marshall Jr., Trustee
(FULL NAME & TITLE OF INDEMNITOR)

By: _[signature: Virginia Marshall, Trustee]_
Virginia Marshall, Trustee
(FULL NAME & TITLE OF INDEMNITOR)

_[Notary seal: TERA BURNETT, NOTARY PUBLIC, SOUTH CAROLINA, COM. EXP. 10/01/2023]_ (appears multiple times)

_[signatures: Tera Burnett (x3)]_

**UNITED FIRE GROUP**
UNITED FIRE & CASUALTY COMPANY
CEDAR RAPIDS, IOWA
And
UNITED FIRE & INDEMNITY COMPANY
WEBSTER, TEXAS
And
FINANCIAL PACIFIC INSURANCE COMPANY
ROCKLIN, CALIFORNIA
(SURETY)

By _____ (SEAL)
ATTORNEY-IN-FACT

Bond 0008 0815

**California Notary – Do not complete this page; attach the proper CA Notary Public acknowledgment form(s).**

## For Acknowledgement of Contractor's Signature

STATE OF _____ )
                                 ss:
COUNTY OF_____ )
On this _____ day of _____, in the year _____, before me personally come(s) Michael Williams _____

**INDIVIDUAL ACKNOWLEDGEMENT:** to me known and known to me to be the person(s) who (is) (are) described in and who executed the foregoing instrument and acknowledge(s) to me that he executed the same.

**PARTNERSHIP ACKNOWLEDGEMENT:** a member of the co-partnership of
_____
to me known and known to me to be the person who is described in and who executed the foregoing instrument, and acknowledges to me that they executed the same as and for the act and deed of the said co-partnership.

**CORPORATE ACKNOWLEDGEMENT:** to me known, who, by me duly sworn, deposes and says that he resides in the City of _____ that he is the President _____
of MSK Construction, Inc. _____ the corporation described in and which executed the foregoing instrument; that he knows the seal of the said corporation; that the seal affixed to the said instrument is such corporate seal; that it was so affixed by the order of the Board of Directors of said corporation, and that he signed his name thereto by like order.

**LIMITED LIABILITY COMPANY ACKNOWLEDGEMENT:** to me known, who, being by me duly sworn, deposes and says that they reside in the City of _____ that they are the _____
of_____ the limited liability company described in and which executed the foregoing instrument; that they know the seal of the said limited liability company; that the seal affixed to the said instrument is such corporate seal; that it was so affixed by the order of the Board of Directors of said limited liability company, and that they signed their name thereto by like order.
MY COMMISSION EXPIRES:
_____
NOTARY PUBLIC (SIGNATURE AND TITLE OF OFFICIAL TAKING AKNOWLEDGMENT)

## For Acknowledgment of Indemnitor's Signatures

### INDIVIDUAL ACKNOWLEDGEMENT

STATE OF _____ )
                                 ss:
COUNTY OF_____ )
On this _____ day of _____, in the year _____, before me personally come(s)
Michael Williams, Susan Williams, both individually _____,
to me known and known to me to be the person(s) who (is) (are) described in and who executed the foregoing instrument and acknowledge(s) to me that they executed the same.
MY COMMISSION EXPIRES:
_____
NOTARY PUBLIC (SIGNATURE AND TITLE OF OFFICIAL TAKING ACKNOWLEDGMENT)

### INDIVIDUAL ACKNOWLEDGEMENT

STATE OF _____ )
                                 ss:
COUNTY OF_____ )
On this _____ day of _____, in the year _____, before me personally come(s)
Paul G. Marshall Jr., Virginia Marshall, both individually _____,
to me known and known to me to be the person(s) who (is) (are) described in and who executed the foregoing instrument and acknowledge(s) to me that they executed the same.
MY COMMISSION EXPIRES:
_____
NOTARY PUBLIC (SIGNATURE AND TITLE OF OFFICIAL TAKING ACKNOWLEDGMENT)

### INDIVIDUAL ACKNOWLEDGEMENT

STATE OF _____ )
                                 ss:
COUNTY OF_____ )
On this _____ day of _____, in the year _____, before me personally come(s)
_____,
to me known and known to me to be the person(s) who (is) (are) described in and who executed the foregoing instrument and acknowledge(s) to me that they executed the same.
MY COMMISSION EXPIRES:
_____
NOTARY PUBLIC (SIGNATURE AND TITLE OF OFFICIAL TAKING ACKNOWLEDGMENT)

Bond 0008 0815

## LIMITED LIABILITY COMPANY ACKNOWLEDGEMENT

STATE OF _____ )
                                 ss:
COUNTY OF _____ )
On this _____ day of _____, in the year _____, before me personally come(s) _____
to me known, who, being by me duly sworn, deposes and says that they reside     in the City of _____
that they are the _____ of _____, the limited liability company described in and which executed the foregoing instrument; that they know the seal of the said limited liability company; that the seal affixed to the said instrument is such corporate seal; that it was so affixed by the order of the Board of Directors of said limited liability company, and that they signed their name thereto by like order.
MY COMMISSION EXPIRES:
_____
NOTARY PUBLIC   (SIGNATURE AND TITLE OF OFFICIAL TAKING ACKNOWLEDGMENT)

## LIMITED LIABILITY COMPANY ACKNOWLEDGEMENT

STATE OF _____ )
                                 ss:
COUNTY OF _____ )
On this _____ day of _____, in the year _____, before me personally come(s) _____
to me known, who, being by me duly sworn, deposes and says that they reside     in the City of _____
that they are the _____ of _____, the limited liability company described in and which executed the foregoing instrument; that they know the seal of the said limited liability company; that the seal affixed to the said instrument is such corporate seal; that it was so affixed by the order of the Board of Directors of said limited liability company, and that they signed their name thereto by like order.
MY COMMISSION EXPIRES:
_____
NOTARY PUBLIC   (SIGNATURE AND TITLE OF OFFICIAL TAKING ACKNOWLEDGMENT)

## CORPORATE ACKNOWLEDGEMENT

STATE OF _____ )
                                 ss:
COUNTY OF _____ )
On this _____ day of _____, in the year _____, before me personally come(s) _____
to me known, who, being by me duly sworn, deposes and says that they reside     in the City of _____
that they are the _____ of _____, the corporation described in and which executed the foregoing instrument; that they know the seal of the said corporation: that the seal affixed to the said instrument is such corporate seal; that it was so affixed by the order of the Board of Directors of said corporation, and that they signed their name thereto by like order.
MY COMMISSION EXPIRES:
_____
NOTARY PUBLIC   (SIGNATURE AND TITLE OF OFFICIAL TAKING ACKNOWLEDGMENT)

## TRUST ACKNOWLEGEMENT

STATE OF _____ )
                                 ss:
COUNTY OF _____ )
On this _____ day of _____, in the year _____, before me personally come(s) Paul G. Marshall Jr., Virginia Marshall, both individually
Trustee(s) for the  Marshall Living Trust dated November 23, 1987
to me known, and known to me to be the person who is described in and who executed the foregoing instrument and acknowledges to me that they executed the same.
MY COMMISSIONEXPIRES:
_____
NOTARY PUBLIC   (SIGNATURE AND TITLE OF OFFICIAL TAKING ACKNOWLEDGMENT)

## PARTNERSHIP ACKNOWLEDGEMENT

STATE OF _____ )
                                 ss:
COUNTY OF _____ )
On this _____ day of _____, in the year _____, before me personally come(s) _____
a member of the co-partnership of _____
to me known and known to me to be the person who is described in and who executed the foregoing instrument and acknowledge(s) to me that they executed the same as and for the act and deed of the said co-partnership.
MY COMMISSION EXPIRES:
_____
NOTARY PUBLIC   (SIGNATURE AND TITLE OF OFFICIAL TAKING ACKNOWLEDGMENT)

Bond 0008 0815

# CERTIFICATION OF TRUST

(Pursuant to California Probate Code §18100.5)

I/We, <u>Paul G. Marshall Jr. and Virginia Marshall</u>, trustee(s) confirm the following facts:

The <u>Marshall Living Trust dated November 23, 1987</u>, (Name of Trust) is currently in existence and was executed on <u>November 23, 1987</u>.

The trustee(s) do hereby certify that the above named Trust has vested unto them the rights and powers as Trustees, to sign the United Fire & Casualty Company "Agreement of Indemnity" dated <u>August 21, 2015</u> given to United Fire & Casualty Company on behalf of <u>MSK Construction, Inc.</u> as Principal.

The trust ☑REVOCABLE ☐IRREVOCABLE (please check one) and the following party(ies), if any, is (are) identified as having the power to revoke the trust:

_____

The Trust identification number is [REDACTED] 0946 (Social Security No./Employer ID).

The undersigned trustee(s) declare(s) that the trust has not been revoked, modified or amended in any manner which would cause the representations contained herein to be incorrect. This Certification is executed by all of the currently acting trustees of the Trust pursuant to Section 18100.5 of the Probate Code.

Reliance by third Parties. This Certification contains a true and correct representation of the terms of the Trust. All third parties dealing with the Trustee(s) may rely on this Certification as a true statement of the provisions of the Trust as the date this Certification is executed. Any transaction, and any lien created thereby, entered into by the trustee(s) and a third party acting in reliance upon a certification of trust shall be enforceable against the trust assets.

I / We declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this __1ST__ day of __SEPTEMBER__, 20__15__

By: _[signature]_____ By: _____

PAUL MARSHALL Trustee _____ Trustee
(print name)                                         (print name)

By: _[signature]_____ By: _____

VIRGINIA MARSHALL Trustee _____ Trustee
(print name)                                         (print name)

Must be accompanied by a ~~California~~ South Carolina Notary Public affidavit.

_[signature]_
Notary Public for South Carolina

[Notary Seal: RANDI NICOLE ASHCRAFT BELLOR, NOTARY PUBLIC, SOUTH CAROLINA, EXP. 12-13-...]