**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
Case No. 2:23-cv-00939-DCN**

| | |
|---|---|
| UNITED FIRE & CASUALTY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL WILLIAMS, SUSAN WILLIAMS and VIRGINIA MARSHALL, individually and in her capacity as Trustee of the MARSHALL LIVING TRUST DATED NOVEMBER 23, 1987,<br><br>Defendants.<br><br>MICHAEL WILLIAMS and SUSAN WILLIAMS,<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>MSK CONSTRUCTION, INC., SARAH MARSHALL and KIMBERLY M. MCBURNEY,<br><br>Third-Party Defendants. | **ANSWER AND THIRD-PARTY COMPLAINT OF MICHAEL WILLIAMS AND SUSAN WILLIAMS**<br>*Jury Trial Demanded* |

The Defendants, Michael Williams and Susan Williams (collectively hereinafter "Williams"), by and through their undersigned attorney, answer, allege, plead and respond to the Plaintiff's Complaint as follows:

**General Denial**

1. Any allegation in Complaint not specifically admitted is hereby denied and strict proof is demanded thereof.

2. The Williams admit the allegations contained in paragraphs 1, 2 and 3 of the

Complaint.

3. The Williams are without sufficient information to either admit or deny the allegations contained in paragraphs 4 and 5 of the Complaint; accordingly, the same are denied and strict proof is demand thereof.

4. The Williams deny the allegations in paragraph 6 of the Complaint.

5. The Williams are without sufficient information to either admit or deny the allegations contained in paragraphs 7, 8 and 9 of the Complaint; accordingly, the same are denied and strict proof is demand thereof.

6. In response to paragraphs 10 and 11 of the Complaint, the Williams only admit that their signatures are contained on the Indemnity Agreement but allege that they did not have the capacity to enter into the Indemnity Agreement; all allegations inconsistent with the foregoing are denied.

7. The Williams admit paragraphs 12 and 13 of the Complaint.

8. In response to paragraph 14 of the Complaint, the Williams crave reference to the Indemnity Agreement referred to therein; the language of the Indemnity Agreement is self-evident; any allegation regarding the content/language of the Indemnity Agreement inconsistent with the Agreement itself is denied; all other allegations and inferences are denied.

9. The Williams are without sufficient information to either admit or deny the allegations contained in paragraphs 15, 16, 17, 18, 19, 20 and 21 of the Complaint; accordingly, the same are denied and strict proof is demand thereof.

10. No response to paragraph 22 of the Complaint is necessary; insofar as response is required, the same is denied and strict proof demanded thereof.

11. The Williams are without sufficient information to either admit or deny the allegations contained in paragraph 23 of the Complaint; accordingly, the same is denied and strict

proof is demand thereof.

12. The Williams deny the allegations in paragraph 24 of the Complaint.

13. The Williams are without sufficient information to either admit or deny the allegations contained in paragraph 25 of the Complaint; accordingly, the same is denied and strict proof is demand thereof.

14. The Williams deny the allegations in paragraph 26 of the Complaint.

15. The Williams are without sufficient information to either admit or deny the allegations contained in paragraph 27 of the Complaint; accordingly, the same is denied and strict proof is demand thereof.

16. No response to paragraph 28 of the Complaint is necessary; insofar as response is required, the same is denied and strict proof demanded thereof.

17. The Williams are without sufficient information to either admit or deny the allegations contained in paragraph 29 of the Complaint; accordingly, the same is denied and strict proof is demand thereof.

18. In response to paragraph 30 of the Complaint, the Williams crave reference to the Indemnity Agreement referred to therein; the language of the Indemnity Agreement is self-evident; any allegation regarding the content/language of the Indemnity Agreement inconsistent with the Agreement itself is denied; all other allegations and inferences are denied.

19. The Williams deny the allegations in paragraphs 31 and 32 of the Complaint.

20. No response to paragraph 33 of the Complaint is necessary; insofar as response is required, the same is denied and strict proof demanded thereof.

21. The Williams deny the allegations in paragraphs 34, 35, 36, 37, 38 and 39 of the Complaint.

22. No response to paragraph 40 of the Complaint is necessary; insofar as response is

required, the same is denied and strict proof demanded thereof.

23. The Williams deny the allegations in paragraph 41 of the Complaint.

24. No response to paragraph 42 of the Complaint is necessary; insofar as response is required, the same is denied and strict proof demanded thereof.

25. The Williams deny the allegations in paragraphs 43 and 44 of the Complaint.

**Affirmative Defenses**

26. <u>Additional Defenses, Reservation of Other Defenses</u>.  The Williams hereby give notice that they intend to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and trial, and thus reserve the right to amend its Answer to assert any such defense.

27. <u>Adequate Remedy at Law</u>.  Plaintiff is not entitled to a preliminary injunction because it has an adequate remedy at law, i.e. the award of a money judgment by this Court.

28. <u>Capacity</u>.  The Williams did not have the Capacity to enter into the Indemnity Agreement(s) at the time it was executed or thereafter due to Mr. Williams' medical condition and Mrs. Williams' inability to understand the Indemnity Agreement as English is not a language she is fluent in.

29. <u>Unclean Hands</u>.  That the Plaintiff's claims are barred from any equitable relief because of its own inequitable actions.

30. <u>Estoppel</u>.  That the Plaintiff is estopped from claiming the relief complained of in its Complaint.

31. <u>Mitigation of Damages</u>.  That the Plaintiff has an obligation to mitigate its damages but has failed to do so.

32. <u>Rule 12(b)(6) (Failure to State Facts Sufficient to State a Claim)</u>.  Plaintiff's claims against the Williams should be dismissed against it pursuant to Rule 12(b)(6), Federal Rules of

Civil Procedure, for failure to state facts sufficient to constitute a cause of action.

33. <u>Illegal Contract</u>. One or more terms in the agreements sought to be enforced by Plaintiff in its Complaint are illegal and are therefore unenforceable by Plaintiff and is a complete defense to Plaintiff's claims.

34. <u>Public Policy</u>. One or more terms of the agreements sought to be enforced by Plaintiff in its Complaints violate the public policy of South Carolina and therefore is not enforceable by Plaintiff and is a complete defense to Plaintiff's claims.

**35.** <u>Waiver</u>. Upon information and belief, Plaintiff has waived its rights under the parties' agreement and cannot now enforce the same and such waiver operates as a complete bar to Plaintiff's claims.

## Williams' Third-Party Claims Against
## MSK Construction, Inc., Kimberly M. McBurney and Sarah Marshall

36. The Williams are citizens and residents of Dorchester County, South Carolina.

37. The Third-Party Defendant, MSK Construction, Inc. (hereinafter "MSK") is a Delaware corporation with its headquarters and principal place of business located in Charleston County, South Carolina.

38. The Third-Party Defendant Kimberly M. McBurney (hereinafter "KM") is a citizen and resident of North Carolina.

39. The Third-Party Defendant Sarah Marshall (hereinafter "SM") is a citizen and resident of South Carolina.

40. MSK is a licensed general contractor that performs commercial construction work and related services throughout the southeast.

41. MSK was formed in 2015 by Paul Marshall and Virginia Marshall, as trustees of the Marshall Living Trust dated November 23, 1987, and Paul Marshall, individually, along with

Mr. Williams.

42. When formed in 2015, Mr. Williams owned 51% of MSK.

43. Much of MSK's work consisted of government construction projects, which were awarded to MSK based on its heightened preferred bidding status as a Service-Disabled Veteran-Owned Small Business (SDVOSB); Mr. Williams was the qualifying party for MSK's SDVOSB status.

44. In 2017 Mr. Williams was diagnosed with dementia.

45. On or about December 31, 2018, Paul G. Marshall, Jr., individually and as trustee of the Marshall Living Trust dated November 23, 1987, conveyed its shares equally to his daughters KM and SM.

46. On July 1, 2020, KM and SM, individually and on behalf of MSD, filed suit against Mr. Williams in Charleston County Court of Common Pleas, bearing Case No. 2020CP1002814 ("Lawsuit"), seeking to force Mr. Williams out of MSK.

47. Mr. Williams asserted counterclaims against KM and SM sounding in: fraud, conspiracy, breach of fiduciary duties, breach of contract and prayed for judicial dissolution.

48. On December 17, 2020, KM, SM, MSK and Mr. Williams settled the Lawsuit and entered into a Settlement Agreement whereby KM and SM purchased Mr. Williams shares of MSK.

49. Paragraph 4 of the Settlement Agreement reads, "4. <u>Surety Bonds</u>. Over the years, Williams signed personal guarantees for construction surety bonds issued by MSK's bonding company. Williams will not guarantee any future bonds for MSK, and MSK will fully hold harmless, indemnify, and defend Williams against any demands or claims asserted against him by MSK's bonding company based on his prior personal guarantees. McBurney and Marshall will assist Williams in drafting a written notice informing MSK's bonding company that Williams has

retired from MSK and is not responsible for any future bond obligations of MSK, and they will keep Williams informed of any communications to or from the bonding company regarding any claims or issues pertaining to bonds that Williams personally guaranteed."

## As a First Cause of Action
### (Breach of Contract and Contractual Indemnity)

50. The Williams reallege the preceding paragraphs as if fully restated herein.

51. KM, SM and MSK breached the Settlement Agreement by failing to act in good faith in the performance of its work for its clients.

52. Upon information and belief, KM, SM pilfered company resources and/or improperly operated MSK such that MSK could not perform its obligations to its clients nor pay its creditors.

53. Upon information and belief, KM and SM personally benefited from their aforementioned actions to the detriment of The Williams and others.

54. As a direct and proximate result of KM's and SM's actions, The Williams have been exposed to the liability alleged by the Plaintiff in its Complaint and are entitled to a judgment against KM, SM and MSK in an amount to be determined by the trier of fact.

55. Pursuant to the Settlement Agreement, in the event that Plaintiff receives a judgment against the Williams or the Williams settle the claims alleged by Plaintiff in its Complaint, MSK has agreed to indemnify the Williams and the Williams are entitled to a judgment against MSK for the same.

## As a Second Cause of Action
### (Veil Piercing/Alter Ego)

56. The Williams reallege the preceding paragraphs as if fully restated herein.

57. Since KM and SM took 100% control over MSK, KM and SM improperly ran and operated MSK such that it could not satisfy/complete its ongoing obligations, operations, and

projects.

58. Upon information and belief, since KM and SM took control MSK, KM and SM have:

    a. exercised total dominion and control over MSK;

    b. undercapitalized MSK;

    c. ignored corporate formalities in the operation of MSK;

    d. conducted, managed, and controlled the affairs of MSK for the purpose of conducting their own personal business under a corporate guise, improving their own personal financial positions, to the detriment of MSK's projects and creditors,

    e. comingled corporate funds of MSK with their own personal funds, and

    f. operated MSK as their alter ego for their personal benefit and advantage.

59. Upon information and belief, Third-Party Defendants KM and SM knew that Plaintiff was or would be owed money by MSK pursuant to the surety bonds at issue and the Settlement Agreement, and they siphoned funds of MSK for the purpose of personal enrichment and to defraud Plaintiff and creditors.

60. Upon information and belief, KM's and SM's actions evidence an element of injustice, fundamental unfairness, and inequity toward the Plaintiff.

61. The corporate veil of MSK should be pierced; the legal fiction of its separate existence should be disregarded; the reality of the common identity of KM, SM and MSK should be recognized by this Court, and Mr. Williams should have judgment against KM and SM as set forth below.

62. Fraud, fundamental unfairness, and inequity will result if this court does not disregard the corporate form of MSK and remove the shareholders, KM and SM's, limited liability.

## As a Third Cause of Action
### (Equitable Indemnity)

63. The Williams reallege the preceding paragraphs as if fully restated herein.

64. The Williams have a special relationship with KM and SM by virtue of the Settlement Agreement and his previous co-ownership of MSK.

65. The actions of KM and SM in their management and operation of MSK have exposed the Williams to the liability alleged by Plaintiff in its Complaint.

66. The Williams' actions did not contribute to or cause the liability alleged by the Plaintiff in its Complaint.

67. As a result of KM, SM and MSK's aforementioned actions, the Williams have suffered damages or will suffer damages pursuant to the allegations in the Plaintiff's Complaint, including, but not limited to, the costs to defend and prosecute this action and any potential settlement or award by this Court in favor of the Plaintiff against the Williams, and the Williams are entitled to an order from this Court ordering KM, SM and MSK to indemnify the Williams for the same.

WHEREFORE, having answered the Plaintiff's Complaint, the Williams hereby demand a trial by jury, pray this Court inquire into the matters set forth herein and dismiss the Plaintiff's Complaint and grant the Williams a judgment against KM, SM and MSK in an amount sufficient to compensate the Williams for their damages, attorney's fees and costs incurred in defending/settling the Plaintiff's claims and allegations in its Complaint and grant any other relief this court may deem just and equitable.

[Signature on Next Page]

March 30, 2023

SMITH | CLOSSER, PA

s/Zachary J. Closser
Zachary J. Closser
Federal Id #9889, zclosser@scnlaw.com
Steven L. Smith
Federal Id #4204, ssmith@scnlaw.com
7455 Cross County Road, Ste 1 (29418)
P.O. Box 40578, Charleston, SC 29423
843-760-0220; 843-552-2678 (fax)

23-079

Attorneys for Michael and Susan Williams

