IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED FIRE & CASUALTY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL WILLIAMS, SUSAN WILLIAMS and VIRGINIA MARSHALL, individually and in her capacity as Trustee of the MARSHALL LIVING TRUST DATED NOVEMBER 23, 1987,<br><br>Defendants.<br><br>MICHAEL WILLIAMS and SUSAN WILLIAMS,<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>MSK CONSTRUCTION, INC., SARAH MARSHALL and KIMBERLY M. MCBURNEY,<br><br>Third-Party Defendants. | Civil Action No. 2:23-cv-00939-DCN |

**THIRD-PARTY DEFENDANTS' ANSWER TO THIRD-PARTY COMPLAINT**

Third-Party Defendants, MSK Construction, Inc. ("MSK"), Sarah Marshall ("Sarah Marshall"), and Kimberly M. McBurney ("Kimberly M. McBurney") (collectively, "Third-Party Defendants"), by and through undersigned counsel, hereby responds to the Third-Party Complaint filed by Defendants/Third-Party Plaintiffs, Michael Williams and Susan Williams (collectively, "Third-Party Plaintiffs"), as follows:

1

1. Paragraphs 1-35 of the Third-Party Complaint do not contain any allegations relating to the Third-Party Complaint against Third-Party Defendants, and no response is required. To the extent a response is required, the allegations are denied.

2. The allegations in Paragraph 36 of the Third-Party Complaint are denied for lack of information or belief.

3. MSK admits that it is a Delaware corporation, authorized to conduct business in the State of South Carolina as a general contractor. Except as expressly admitted, the allegations in Paragraph 37 of the Third-Party Complaint are denied.

4. The allegations in Paragraph 38 of the Third-Party Complaint are admitted.

5. The allegations in Paragraph 39 of the Third-Party Complaint are admitted.

6. The allegations in Paragraph 40 of the Third-Party Complaint are admitted.

7. The allegations in Paragraph 41 of the Third-Party Complaint are admitted.

8. The allegations in Paragraph 42 of the Third-Party Complaint are admitted.

9. The allegations in Paragraph 43 of the Third-Party Complaint are admitted.

10. The allegations in Paragraph 44 of the Third-Party Complaint are denied for lack of information or belief.

11. The allegations in Paragraph 45 of the Third-Party Complaint are admitted.

12. The allegations in Paragraph 46 of the Third-Party Complaint are admitted.

13. The allegations in Paragraph 47 of the Third-Party Complaint are admitted.

14. The allegations in Paragraph 48 of the Third-Party Complaint are admitted.

15. The allegations in Paragraph 49 of the Third-Party Complaint reference a written document, the terms and conditions of which speak for themselves. To the extent a response is still required, Third-Party Defendants deny the allegations in Paragraph 49 of the Third-Party

Complaint to the extent they are inconsistent with the terms and conditions of the written document.

### AS A FIRST CAUSE OF ACTION
### (Breach of Contract and Contractual Indemnity)

16. Third-Party Defendants incorporate their responses set forth above as though fully set forth herein.

17. The allegations in Paragraph 51 of the Third-Party Complaint call for a legal conclusion to which no response is required. To the extent a response is required, the allegations in Paragraph 51 of the Third-Party Complaint are denied.

18. The allegations in Paragraph 52 of the Third-Party Complaint are denied.

19. The allegations in Paragraph 53 of the Third-Party Complaint are denied.

20. The allegations in Paragraph 54 of the Third-Party Complaint call for a legal conclusion to which no response is required. To the extent a response is required, the allegations in Paragraph 54 of the Third-Party Complaint are denied.

21. The allegations in Paragraph 55 of the Third-Party Complaint reference a written document, the terms and conditions of which speak for themselves. To the extent a response is still required, Third-Party Defendants deny the allegations in Paragraph 55 of the Third-Party Complaint to the extent they are inconsistent with the terms and conditions of the written document.

### AS A SECOND CAUSE OF ACTION
### (Veil Piercing/Alter Ego)

22. Third-Party Defendants incorporate their responses set forth above as though fully set forth herein.

23. The allegations in Paragraph 57 of the Third-Party Complaint are denied.

24. The allegations in Paragraph 58 of the Third-Party Complaint, including each of its subparagraph 58(a) through 58(f), call for a legal conclusion to which no response is required. To the extent a response is required, the allegations in Paragraph 58 of the Third-Party Complaint are denied.

25. The allegations in Paragraph 59 of the Third-Party Complaint are denied.

26. The allegations in Paragraph 60 of the Third-Party Complaint are denied.

27. The allegations in Paragraph 61 of the Third-Party Complaint call for a legal conclusion to which no response is required. To the extent a response is required, the allegations in Paragraph 61 of the Third-Party Complaint are denied.

28. The allegations in Paragraph 62 of the Third-Party Complaint call for a legal conclusion to which no response is required. To the extent a response is required, the allegations in Paragraph 62 of the Third-Party Complaint are denied.

## AS A THIRD CAUSE OF ACTION
**(Equitable Indemnity)**

29. Third-Party Defendants incorporate their responses set forth above as though fully set forth herein.

30. The allegations in Paragraph 64 of the Third-Party Complaint call for a legal conclusion to which no response is required. To the extent a response is required, the allegations in Paragraph 64 of the Third-Party Complaint are denied.

31. The allegations in Paragraph 65 of the Third-Party Complaint call for a legal conclusion to which no response is required. To the extent a response is required, the allegations in Paragraph 65 of the Third-Party Complaint are denied.

32. The allegations in Paragraph 66 of the Third-Party Complaint call for a legal conclusion to which no response is required. To the extent a response is required, the allegations in Paragraph 66 of the Third-Party Complaint are denied.

33. The allegations in Paragraph 67 of the Third-Party Complaint call for a legal conclusion to which no response is required. To the extent a response is required, the allegations in Paragraph 67 of the Third-Party Complaint are denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Any and all allegations that are not expressly admitted above are denied and strict proof is demanded thereof.

### SECOND DEFENSE

Third-Party Plaintiffs' claims are barred, in whole or in part, by the terms of the Settlement Agreement.

### THIRD DEFENSE

Third-Party Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they may have additional affirmative defenses in this matter and, therefore, Third-Party Defendants reserve the right to assert additional affirmative defenses.

Respectfully submitted on this, June 15, 2023.

                                    **BRADLEY ARANT BOULT CUMMINGS LLP**

                                    */s/ Ryan L. Beaver*
                                    Ryan L. Beaver, (SC Bar No. 75669)
                                    Anna-Bryce Hobson (SC Bar No. 104846)
                                    **Bradley Arant Boult Cummings LLP**
                                    214 North Tryon Street, Suite 3700
                                    Charlotte, NC 28202-1078
                                    Tel.: (704) 338-6000
                                    Fax: (704) 332-8858
                                    Email: ahobson@bradley.com
                                                rbeaver@bradley.com

                                    *Attorneys for MSK Construction, Inc., Sarah Marshall, and Kimberly M. McBurney*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing **ANSWER TO THIRD-PARTY COMPLAINT** served on all parties to this action via filing with the United States District Court for the District of South Carolina's CM ECF System and by placing a copy of same in the United States first class mail, postage prepaid, on the next business day, addressed as follows:

Zachary Closser
Steven L. Smith
*Smith | Closser, P.A.*
7455 Cross County Road, Suite 1
Charleston, SC 29418
zclosser@scnlaw.com
ssmith@scnlaw.com

*Attorneys for Third-Party Plaintiffs*

This the 15th day of June, 2023.

                                                                Ryan L. Beaver