IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED FIRE & CASUALTY COMPANY, | ) | Civil Action No. 2:23-cv-00939-DCN |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ANSWER BY DEFENDANT VIRGINIA MARSHALL, individually and in her capacity as Trustee of the MARSHALL LIVING TRUST DATED NOVEMBER 23, 1987** |
| | ) | |
| MICHAEL WILLIAMS, SUSAN WILLIAMS, | ) | |
| AND VIRGINIA MARSHALL, individually | ) | |
| and in her capacity as Trustee of the | ) | |
| MARSHALL LIVING TRUST DATED | ) | |
| NOVEMBER 23, 1987, | ) | |
| | ) | |
| Defendants. | ) | |

Defendant Virginia Marshall, individually and in her capacity as Trustee of the Marshall Living Trust dated November 23, 1987, by and through her undersigned attorneys, hereby answers the Plaintiff's Complaint, as follows:

**AS A FIRST DEFENSE**

1. Mrs. Marshall denies each and every allegation of the Complaint not specifically admitted hereinafter.

2. Mrs. Marshall lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 1 and 2 and therefore denies the same.

3. Mrs. Marshall admits the allegations of Paragraph 3.

4. Mrs. Marshall lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 and therefore denies the same.

5. The allegations of Paragraphs 5 and 6 assert mere conclusions of law to which no response is required. To the extent a response is required, Mrs. Marshall denies the allegations of these paragraphs.

6. Mrs. Marshall lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and therefore denies the same.

7. The allegations of Paragraph 8 assert mere conclusions of law to which no response is required. To the extent a response is required, Mrs. Marshall denies the allegations of this paragraph.

8. Mrs. Marshall lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 9 through 11 and therefore denies the same.

9. Mrs. Marshall admits only so much of Paragraphs 12 and 13 as alleges she signed the Agreement of Indemnity. Mrs. Marshall denies the remaining allegations of these paragraphs.

10. Responding to Paragraph 14, Mrs. Marshall craves reference to the language of the referenced Agreement of Indemnity as the best evidence of its contents. Mrs. Marshall denies any allegations inconsistent therewith.

11. Mrs. Marshall lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 15 through 20 and therefore denies the same.

12. Responding to Paragraph 21, Mrs. Marshall confirms that the letters identified as Exhibit B and Exhibit C to the Complaint include her address at 25 State St, Charleston SC 29401. As to the remaining allegations in that paragraph, Mrs. Marshall lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

13. Mrs. Marshall denies the allegations of Paragraph 22, and specifically denies that Plaintiff is entitled to the sum claimed.

14. Mrs. Marshall lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 23 through 25 and therefore denies the same.

15. Mrs. Marshall denies the allegations of Paragraphs 26 and 27.

## AS TO COUNT ONE
## SPECIFIC PERFORMANCE OF COLLATERAL DEMAND

16. Responding to Paragraph 28, Mrs. Marshall incorporates the above paragraphs as if fully set forth herein verbatim.

17. Mrs. Marshall lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 and therefore denies the same.

18. Responding to Paragraph 30, Mrs. Marshall craves reference to the language of the referenced Agreement of Indemnity as the best evidence of its contents. Mrs. Marshall denies any allegations inconsistent therewith.

19. Mrs. Marshall denies the allegations of Paragraphs 31 and 32.

## AS TO COUNT TWO
## DECLARATORY JUDGMENT

20. Responding to Paragraph 33, Mrs. Marshall incorporates the above paragraphs as if fully set forth herein verbatim.

21. Mrs. Marshall lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 and therefore denies the same.

22. Responding to Paragraphs 35 and 36, Mrs. Marshall craves reference to the language of the referenced Agreement of Indemnity as the best evidence of its contents. Mrs. Marshall denies any allegations inconsistent therewith.

23. Mrs. Marshall lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 and therefore denies the same.

24.  Mrs. Marshall denies the allegations of Paragraphs 38 and 39, including all sub-paragraphs thereof.

## AS TO COUNT THREE
## EXONERATION

25.  Responding to Paragraph 40, Mrs. Marshall incorporates the above paragraphs as if fully set forth herein verbatim.

26.  Mrs. Marshall denies the allegations of Paragraph 41, including all sub-paragraphs thereof.

## AS TO COUNT FOUR
## JUDGMENT FOR INDEMNITY

27.  Responding to Paragraph 42, Mrs. Marshall incorporates the above paragraphs as if fully set forth herein verbatim.

28.  Mrs. Marshall denies the allegations of Paragraphs 43 and 44.

29.  Mrs. Marshall denies the prayer for relief in the unnumbered "WHEREFORE" paragraph and all sub-paragraphs thereof.

## ADDITIONAL DEFENSES

30.  Although Mrs. Marshall has not yet had the opportunity to fully investigate or conduct discovery regarding this action, Mrs. Marshall believes there may be facts establishing the availability of certain affirmative defenses. In order to preserve those defenses, Mrs. Marshall alleges the following:

## SECOND DEFENSE

31.  The Complaint fails to state facts sufficient to constitute a cause of action and, accordingly, should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### THIRD DEFENSE

32. Plaintiff should not be allowed to recover from Mrs. Marshall for alleged damages it claims it may incur in the future but admits it has not yet incurred.

### FOURTH DEFENSE

33. Mrs. Marshall's indemnity obligations, if any, under the Indemnity Agreement were terminated prior to the issuance of certain bonds under which Plaintiff seeks recovery against Mrs. Marshall in this action.

### RESERVATION AND NON-WAIVER

34. Mrs. Marshall reserves and does not waive any additional defenses or claims that may be revealed through the course of discovery or otherwise.

WHEREFORE, having fully answered the Complaint, Mrs. Marshall respectfully requests that the same be dismissed with prejudice and for an award of the costs and attorneys' fees incurred, and for such other relief as may be just and proper.

**WOMBLE BOND DICKINSON (US) LLP**

s/William R. Warnock, Jr.
C. Allen Gibson, Jr., Fed. ID #2088
William R. Warnock, Jr., Fed. ID #10460
Andrea L. McDonald, Fed. ID #13663
P.O. Box 999 (29402)
5 Exchange St.
Charleston, SC 29401
843-722-3400
Allen.Gibson@wbd-us.com
Bill.Warnock@wbd-us.com
Andi.McDonald@wbd-us.com
*Attorneys for VIRGINIA MARSHALL, individually and in her capacity as trustee of the MARSHALL LIVING TRUST DATED NOVEMBER 23, 1987*

June 23, 2023
Charleston, South Carolina